**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Frederick H. Mesmer, III,

    Plaintiff,

vs.              Case No.  3:10-cv-478-J-99MCR

Nite Hawk Offshore, Inc. et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 11) filed December 2, 2010.  Defendants failed to file a response, and the time for doing so has passed.  The Court, having considered the Motion and affidavits attached thereto, the Complaint (Doc. 1), additional filings (Docs. 17, 20), and conducted a hearing on the matter (Doc. 14), recommends Plaintiff's Motion be granted in part and denied in part.

### I.   BACKGROUND

On June 3, 2010, Plaintiff filed a nine-count Complaint against Defendants alleging the following causes of action: (1) Jones Act Negligence; (2) Unseaworthiness, (3) Maintenance and Cure; (4) Unpaid Wages and Attorneys' Fees Under Fla. Stat. Chapter 448 and Maritime Law; (5) Battery and Assault; (6) Intentional Infliction of

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Breach of Implied-In-Law Contract; and (9) Unjust Enrichment.[2]  See (Doc. 1).  Plaintiff served Defendants on July 28, 2010.  See (Docs. 4, 5).  Defendants failed to plead or otherwise defend and, on August 25, 2010, the Clerk of Court entered a default.  See (Docs. 8, 9).

## II.   ANALYSIS

### A.   Whether Entry of a Final Judgment by Default is Appropriate

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered.  On January 3, 2011, the Clerk of Court entered a default against Defendant for failure to plead.  See (Doc. 6).

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").  The Court finds Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's claims against Defendants.

---

[2] At the hearing on January 19, 2011, Plaintiff withdrew his claims for intentional infliction of emotional distress (Count 6), negligent infliction of emotional distress (Count 7), and breach of implied-in-law contract (Count 8).

-2-

**B.     Amount of Damages**

Having found Plaintiff is entitled to a default judgment, the undersigned turns to the question of damages. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint and the Court may take into account affidavits and such other evidence as it deems necessary. In that regard, "the court may conduct hearings or make referrals … when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Here, the Court has considered the Motion and affidavits attached thereto, the Complaint (Doc. 1), additional filings (Docs. 17, 20),[3] and conducted an evidentiary hearing on the matter (Doc. 14).[4] According to Plaintiff, his liquidated damages are as follows:

| | | |
|---|---|---|
| I. | Labor: Over 5 months, 5 hr/day at $20 for hydraulic, main drum piston, radar repair, steering station etc, double damage | $ 20,000 |
| II. | Unpaid Wages: 8000 lb of fish, minus prepayment of $1,000. $1,500 left to obtain, double damage | $ 3,000 |
| III. | Medical Costs | $ 3,800 |

---

[3] The Court instructed Plaintiff to provide documentation in support of his claim. See (Docs. 14, 19). In response, Plaintiff filed three medical bills, one medical record, and attorneys' fees billing records. See (Docs. 17, 20).

[4] At said evidentiary hearing, the Court heard testimony from Frederick H. Mesmer, III and Gregory Simmons, a friend whom testified as to Plaintiff's character and capabilities.

      IV.      Maintenance and Cure: at $40 a day per 200 days ................................................................$ 8,000
      V.      Intentional Torts of Battery and Assault.........$ 40,000

(Doc. 11-1, p. 2, ¶ 10). However, the only substantiated claim for liquidated damages is for medical costs. According to Plaintiff's medical bills, his claim consists of the following:

      I.      Charleston Emergency Services ..................$ 949.00
      II.      Roper Radiology ............................................$ 87.00
      III.      St. Francis Emergency Room ...................$ 2,353.37

(Docs. 17- 1, 2, 3). Accordingly, Plaintiff should be awarded $3,389.37 in medical costs.

With regard to unliquidated damages, Plaintiff's only remaining claim is for unjust enrichment. See (Doc. 11-1, p. 2, ¶ 10). However, Plaintiff has failed to present any evidence which supports a numerical value of this claim.

### C.    **Attorneys' Fees and Costs**

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)). A reasonable number of hours spent should

exclude those hours which are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)). As the Eleventh Circuit noted:

> "the court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Pursuant to this Court's Order (Doc. 19), Plaintiff's counsel filed its billing records (Doc. 20).[5] These records indicate two attorneys from Sullivan & Company worked a total of 13.82 hours on the case from January 2010 through February 2011. (Id.). The two attorneys' time was billed at a rate of $185.00 to $350.00 per hour for 13.82 hours. (Id.). In the undersigned's experience, an hourly rate of $350.00 per hour is excessive for a matter of this nature and should be reduced to $200.00 per hour.

From a review of the time sheets submitted, the undersigned finds the number of hours billed by each attorney is not excessive. Therefore, under the Eleventh Circuit's lodestar calculation, Plaintiffs should be granted an award of attorneys' fees as follows: $1,640.95 for 8.87 hours of work performed by attorney Francis Boyer at a rate of $185.00 per hour; and $990.00 for 4.95 hours of work performed by attorney G.J. Rod Sullivan, Jr. at a rate of $200.00 per hour. This totals $2,630.95. Plaintiff is also entitled

---

[5]The undersigned finds it suspicious that according to the sworn affidavit of attorney Francis M. Boyer, Plaintiff's attorneys' fees and costs in this action totaled $4,550.00 on December 2, 2010. (Doc. 11-2, p. 2, ¶ 10). However, according to the billing records submitted, Plaintiff's attorneys' fees and costs totaled $1,985.19 on December 2, 2010. (Doc. 20-1, pp. 1-2).

to costs and therefore, the judgment should include $350.00 for the filing fee and $280.00 for service fees.

Accordingly, after due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Default Judgment (Doc. 18) be **GRANTED in part** and the Clerk be directed to enter final judgment in Plaintiff's favor in the total amount of $6,650.32, which sum should bear interest at the usual and lawful rate for federal court judgments.

2. The Motion be otherwise **DENIED.**

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  14th  day of March, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Timothy J. Corrigan,
    United States District Judge

Counsel of Record

Donald M. Rynn
5865 Datil Pepper Road
Saint Augustine, FL 32086